UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-000163-JAW-4 |
| | ) | |
| DARLENE FORD | ) | |

**ORDER ON MOTION FOR RECOMMENDATION REGARDING LENGTH OF RRC PLACEMENT**

The Court dismisses without prejudice an inmate's motion for recommendation to a residential reentry center because the defendant repeatedly lied before federal juries and at her sentencing hearing, she received an obstruction of justice enhancement for lying. Therefore the Court does not credit her uncorroborated statements and will require corroboration before acting on any similar motion she may wish to file in the future.

**I.    BACKGROUND**

On February 24, 2015, the Court sentenced Darlene Ford to a term of incarceration of 78 months for her part in a conspiracy to manufacture 100 or more marijuana plants, a violation of 21 U.S.C. § 841(a)(1), maintaining a drug involved place, a violation of 21 U.S.C. 856(a), and aiding and abetting a felon's possession of a firearm, a violation of 18 U.SC. 922(g)(1), all to be served concurrently. *J.* (ECF No. 423). On September 15, 2016, the Court dismissed the firearm count after Ms. Ford's successful appeal on that issue, but the Court imposed the same term of imprisonment, 78 months, on the two remaining counts, to be served concurrently.

*Am. J.* (ECF No. 477); *Op. of the United States Ct. of Appeals* (ECF No. 460); *J. of the United States Ct. of Appeals* (ECF No. 461).

### A. Darlene Ford's Motion

On May 24, 2018, Ms. Ford moved this Court to recommend to the United States Bureau of Prisons (BOP) that she receive eight months of Residential Reentry Center placement. *Mot. for Recommendation Regarding Length of RRC Placement* (ECF No. 493) (*Def.'s Mot.*). Ms. Ford's motion is largely a hand written copy of a "fill-in-the-blanks" motion.[1]

Ms. Ford states that she has a current release date of October 3, 2019 and she therefore requests that she be recommended for the reentry center in a timely manner. *Id.* at 2-3. She says that during her incarceration, she has maintained a clean record, completed a number of training programs, and mentored her peers. *Id.* at 3. Conceding that the BOP has the ultimate authority to designate her to an RRC, she also observes that the BOP is required to consider any judicial recommendation. *Id.* at 2-4. She notes that she graduated from the Residential Drug Abuse Program (RDAP) on November 9, 2017. *Id.* at 3. Ms. Ford requests that the Court recommend to the BOP that she spend eight months in an RRC. *Id.* at 5.

### B. The Government's Response

On May 11, 2018, the Government filed a pro forma response, taking no position on the motion. *Gov't Resp. to Def.'s Mot. for Recommendation Regarding*

---

[1] Ms. Ford is currently housed at the Federal Prison Camp in Alderson, West Virginia. *Def.'s Mot.* Attach. 5 *Envelope*. On April 23, 2018, the Court received a similar motion from another female inmate also housed at the Federal Prison Camp in Alderson, West Virginia. *United States v. Tiffany Sutherland*, Docket No. 1:15-cr-00041-JAW-2, *Mot. for Recommendation Regarding Length of RRC Placement*, Attach. 1 *Envelope* (ECF No. 200).

2

*Placement* at 1 (ECF No. 494) (*Gov't's Resp.*). The Government referred the Court to its recent response to a similar motion in another case. *Id.* at 1-2 (citing *United States v. Tiffany Sutherland*, 1:15-CR-00041-JAW-2, *Government's Second Response to Motion for Recommendation Regarding Length of RRC Placement* (ECF No. 202) (*Gov't's Sutherland Resp.*)).

The Government concurs with Ms. Ford that the BOP, not this Court, has the authority to determine her place of imprisonment. *Gov't's Sutherland Resp.* at 2-3. The Government observes that the pre-release designation statute, 18 U.S.C. § 3624(c), provides that the BOP may exercise its discretion in assigning an inmate to pre-release custody and that any recommendation from this Court must be subject to the BOP's statutory discretion. *Id.* at 3. The Government points to other court decisions which have granted post-judgment motions similar to Ms. Ford's. *Id.* at 3-4 (citing caselaw). In the end, the Government leaves the decision as to whether to make a recommendation to the sound discretion of the Court. *Id.* at 4.

## II. DISCUSSION

The United States Supreme Court has written that Congress has given the BOP "plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" *Tapia v. United States*, 141 S. Ct. 2382, 2390 (2011) (quoting 18 U.S.C. § 3621(b)). Federal law permits a court to make a recommendation to the BOP, "[b]ut decisionmaking authority rests with the BOP." *Id.* at 2390-91. The applicable statutory provision is 18 U.S.C. § 3624(c)(1):

> [The BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford

3

> that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Federal law also provides that a sentencing court may make a recommendation that a prisoner serve a term of imprisonment in a residential reentry center. 18 U.S.C. § 3621(b). But the recommendation has no binding effect. *Id.*

Some sentencing courts have issued orders recommending release into a residential reentry center. *United States v. Hoskins*, No. 3:01-cr-00266, 2018 U.S. Dist. LEXIS 56466 (M.D. Pa. Apr. 3, 2018); *United States v. Bhamani*, No. 2:10-cr-00327-TLN, 2017 UL 2992455, 2017 U.S. Dist. LEXIS 109902 (E.D. Cal. Jul. 13, 2017); *United States v. Brattin*, No. 2:13-cr-0161-JAD-CWD-1, 2016 WL 4467897, 2016 U.S. Dist. LEXIS 112222, (D. Nev. Aug. 23, 2016); *United States v. Bartels*, No. 12-cr-20072, 2016 WL 6956796, 2016 U.S. Dist. LEXIS 164056 (E.D. Mich. Nov. 29, 2016); *United States v. Baker*, No. 3:01-cr-94-01-MHT, 2013 WL 355867, 2013 U.S. Dist. LEXIS 11418 (M.D. Ala. Jan. 29, 2013); *United States v. Qadri*, No. CR-06-00469-LEK, 2017 WL 1011663, 2017 U.S. Dist. LEXIS 38716 (D. Haw. Mar. 15, 2017). These courts have typically emphasized the defendant's post-sentencing rehabilitation, the criminal record, and any recommendations from BOP personnel.

Other sentencing courts have denied similar motions. *United States v. Perry*. No. 2:13-cr-0049-TLN, 2017 U.S. Dist. LEXIS 65226 (E.D. Cal. Apr. 27, 2017); *United States v. Anderson*, No. 10-20437-CR-JEM, 2012 WL 5530271, 2012 U.S. Dist. LEXIS 195841 (S.D. Fla. Aug. 1, 2012); *United States v. Landers*, No. 6:09-cr-0893-JMC, 2013 WL 5530271, 2013 U.S. Dist. LEXIS 144450 (D.S.C. Oct. 7, 2013). Often the

denials are based on the sentencing court's deference to the BOP's superior legal and factual position to make this decision, on a lack of corroborating information, and on the timing of the motion, such as a motion made too early in an inmate's sentence to predict his status at the end of incarceration. *See e.g.*, *United States v. Hoskins*, No. 3:01-cr-00266, 2018 U.S. Dist. LEXIS 14474 at *6 (M.D. Pa. Jan. 30, 2018). On November 18, 2011, Judge Hornby of this District denied a similar request, concluding that there was "no reason to distinguish [the defendant] from other inmates whom the [BOP] must assign in accordance with the criteria Congress has given it." *United States v. Smith*, No. 2:10-cr-00154-JDL, *Order on Def.'s Mot. for Judicial Recommendation to BOP* at 1 (ECF No. 34).

Each case stands on its own facts. Here, the deep background is that Ms. Ford took the stand twice and, in the words of the Court "it takes a special kind of person to have the brass to take an oath in a federal courthouse, in front of a federal jury, in front of a federal judge, to swear to tell the truth and to lie." *Tr. of Proceedings, Sentencing* 35:1-4 (ECF NO. 446). The Court also noted that Ms. Ford testified twice, once when the jury deadlocked and a second time, when it found her guilty. *Id.* 15:24-16:20. At her sentencing hearing, the Court imposed a two-level enhancement for obstruction of justice under United States Sentencing Guideline § 3C1.1 because the Court concluded she had knowingly and willfully lied on material matters before two federal juries. *Id.* 12:11-19:3.

In these circumstances, the Court does not accept Ms. Ford's representations about her clear conduct record and what she has done in prison. Before considering

5

her motion for a recommendation to a reentry center, the Court will require corroboration of her statements. The Court is dismissing Ms. Ford's motion without prejudice so that she may bring the motion again, if she chooses to do so, once she has corroboration for the factual assertions in her motion.

## III. CONCLUSION

The Court DISMISSES Darlene Ford's Motion for Recommendation Regarding Length of RRC Placement (ECF No. 493).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2018